IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONSTANCE PRATT** | ) ) ) | |
| Plaintiff, | ) ) ) | **CIVIL ACTION NO.** |
| v. | ) ) | **ARBITRATION** |
| **CONSUMER RECOVERY ASSOCIATES, LLC** | ) ) ) ) | |
| Defendant. | ) ) | |

# COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Constance Pratt is an adult individual residing in Greenville, NC.

5. Defendant Consumer Recovery Associates LLC ("CRA") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and with a principal office located at Parkway 4, Suite 270, 2697 International Parkway, Virginia Beach, VA. The

principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt relating to a furniture loan (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. In or around May 22, 2013, Defendant began contacting Plaintiff's family including her father. Defendant's representative spoke with Plaintiff's family and falsely claimed that Defendant's representatives were detectives, that Plaintiff was going to jail, and that Plaintiff needed to contact Defendant immediately.

9. In or around May 2013, Plaintiff contacted Defendant and spoke with Defendant's representative, who claimed that Plaintiff would go to jail for a felony if she did not set up a payment plan immediately.  Defendant's representative stated that if Plaintiff supplied her debit card number for immediate payment she could avoid jail.

10. Notwithstanding the above, Defendant contacted Plaintiff in or around December 2013 and stated that they found another delinquent account of Plaintiff's which was owed to Defendant.  Defendant's representative refused to send requested validation of the loan and threatened criminal charges against Plaintiff if she did not immediately agree to authorize payment from her checking account.

11. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer for the purpose of acquiring anything other than location information about the consumer.

2

12. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to that person.

13. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer, without the consumer's consent.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

15. Defendant acted in a false, deceptive, misleading, and unfair manner by using profane, rude, impolite, obscene and threatening language in connection with the collection of a debt, the natural consequence of which being to harass or abuse the hearer.

16. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

17. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing that nonpayment of any debt will result in the arrest or imprisonment of a consumer, unless such action is lawful and the debt collector intends to take such action.

18. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take, for the purpose of coercing Plaintiff to pay the debt.

19. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing that the consumer committed any crime or other conduct in order to disgrace the consumer.

20. Defendant acted in a false, deceptive, misleading and unfair manner when they used false representations and deceptive means to collect or attempt to collect a debt.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – VIOLATIONS OF THE FDCPA**

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

28. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(b), 1692d, 1692d(2), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(10) and 1692f as evidenced by the following conduct:

(a)     Communicating with persons other than the consumer about information other than the consumer's location;

(b)     Disclosing the debt to persons other than the consumer;

(c)     Communicating with persons other than the consumer without the consumer's consent;

(d)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt;

(e)     Using obscene and profane language to harass or oppress the hearer;

(f)     Falsely representing the amount, character or legal status of the debt;

(g)     Falsely representing that nonpayment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the debt collector intends to take such action;

(h)     Falsely threatening to take legal action that cannot or is not intended to be taken;

(i)     The false representation that the Plaintiff has committed a crime in order to disgrace the Plaintiff;  and

(j)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

29.    Defendant's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

30.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees; and

(d) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

*Attorneys for Plaintiff*

DATE: June 11, 2014